# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ORR WATER DITCH CO., *et al.*,<br><br>    Defendants.<br><br>IN RE: Nevada State Engineer Ruling #5826 | Case No. 3:73-cv-00003-LDG<br>Sub-File No. 3:73-cv-00023-LDG<br><br>**ORDER** |

    The Pyramid Lake Paiute Tribe of Indians petitions (#1) this Court for judicial review of Nevada State Engineer Ruling #5826.  The Tribe asserts that:

> Because the State Engineer failed to first certify the availability of sufficient water to meet its existing demand, and because there is increasingly insufficient groundwater in the Fernley Area Groundwater Basin to meet the existing demand, the proposed changes of surface water rights for *new* municipal or quasi-municipal development threaten to prove detrimental to the public interest and therefore should not have been approved by the State Engineer.

The State Engineer opposes, arguing that the Tribe's arguments rest upon incorrect factual assumptions and incorrect interpretations of Nevada law.  The City of Fernley, the real

party in interest, argues that contrary to the Tribe's allegations, its change applications did not involve new development and did not have a negative effect on ground water levels. Having reviewed the record and the arguments of the parties, the Court denies the Tribe's petition and affirms the ruling of the State Engineer.

### Jurisdiction

This Court has jurisdiction to review Nevada State Engineer Ruling #5826 pursuant to the Final Decree entered in this matter, *United States v. Orr Water Ditch Co.*, Equity No. A-3 LDG (D. Nev. 1944); *United States v. Orr Water Ditch Co.*, 914 F.2d 1302 (9th Cir. 1990) (*Orr Ditch)*.

### Standard of Review

State water law governs both the substance and procedure of Orr Ditch water rights. *Orr Ditch*, 914 F.2d at 1307-1308.  "The decision of the state engineer shall be prima facie correct, and the burden of proof shall be upon the party attacking the same."  Nev. Rev. Stat. §533.450(9).  The Court reviews question of law *de novo*, *Orr Ditch* at 1307.  The Court will uphold the State Engineer's findings of fact if they are supported by substantial evidence.  *United States v. Alpine Land & Reservoir Co.*, 291 F.3d 1062, 1071-72 (*Alpine V.*)

### Analysis

The Tribe argues that approval of Fernley's applications to change the manner and place of use of surface water rights was against the public interest because the Fernley Area Groundwater Basin is over-appropriated and requires the State Engineer's attention. As stated by the Tribe, "[t]he crux of the [its] public interest protest of these applications is that the State Engineer should not approve the proposed changes from irrigation to municipal use unless and until the State Engineer analyzes, determines and certifies the availability and reliability of water rights and supplies to meet Fernley's *existing* demands and commitments."  Opening Brief, at 9 (emphasis original).  The Tribe further contends

that "unless and until, at a minimum, the State Engineer conducts an investigation pursuant to NRS 534.110(6), any change applications that are granted will threaten to prove detrimental to the public interest because Fernley's water rights should not be committed to new development unless and until the State Engineer determines that sufficient water is available to satisfy Fernley's existing demands and commitments." *Id*., at 11.   The Tribe further argues that the State Engineer failed to consider, in the review of whether the change applications threaten to prove detrimental to public interest, his statutory obligations under §§534.030, 534.110, and 278.377(1)(b).

The Tribe's arguments are without merit.  Each of the change applications approved in Ruling #5826 concerned surface-water rights, rather than ground-water rights.  The State Engineer correctly applied the criteria applicable to change applications for surface-water rights.  The Tribe's argument also fails because, in Ruling #5826, the State Engineer specifically found "that when each subdivision of land was approved a determination was made, pursuant to NRS chapter 278, that sufficient water resources existed for that subdivision."

Therefore, for good cause shown,

THE COURT **ORDERS** that the Pyramid Lake Paiute Tribe of Indians' Petition for Review of Nevada State Engineer Ruling No. 5826 (#1) is DENIED.

DATED this ___ day of November, 2012.

Lloyd D. George
United States District Judge

3